UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA CERRILLO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-57 |
| | § | |
| BANK UNITED N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Patricia Cerillo's Motion to Remand (Doc. 4). Having considered the Motion, the parties' briefing, and the applicable law, the Court finds the Motion not well taken.

**I.   Allegations and Procedural History**

In 2009, Cerillo purchased a house in Harlingen, Texas. (Original Petition, Doc. 1-2, 3) She executed a promissory note for $127,645, and via a deed of trust granted the lender a security interest in the property. (*Id.*) After the purchase, she maintained her sole residence in the home.

After eleven years of semi-regular payment of her mortgage, Cerillo fell behind on her payments. (*Id.* at 4) BankUnited refused to accept late payments and instead chose to seek foreclosure. (*Id.*)

In February 2019, Cerillo filed her Original Petition and Request for Temporary Restraining Order in a Texas state court, seeking injunctive relief, actual damages for mental anguish and loss of credit, and attorney fees. (*Id.* at 9).[1] She brought suit against BankUnited, N.A. and its substitute trustee, Connie Cobb.[2] Cerillo alleges that Cobb is a Texas resident, and that BankUnited is licensed to conduct and regularly conducts business in Texas. (*Id.* at 2-3)

---

[1] The Texas state court issued a temporary restraining order that prevented the Defendants from entering and removing her from her home. (Temporary Restraining Order, Doc. 1-4)  The parties have not informed the Court regarding the status of that order, and Cerillo has not sought emergency injunctive relief from the Court.

[2] BankUnited, N.A. notes that Cerillo improperly identified the company as "Bank United N.A." (Not. of Removal, Doc. 1, 1)

1 / 6

Although the Original Petition lacks clarity in many respects, it appears that Cerillo alleges causes of action based on BankUnited's alleged failure to waive acceleration of the promissory note and accept her late payments, and on the alleged failure to send a Notice of Default and Intent to Accelerate in compliance with the Texas Property Code. And while Cerillo at times alleges that "Defendants" committed certain acts, her most specific allegations refer to BankUnited as the alleged wrongdoer. Cerillo makes no specific allegation regarding a wrongful act by Cobb.

In April 2019, BankUnited removed the matter to this Court. (Notice of Removal, Doc. 1). BankUnited contends that it is a national banking association that maintains its main office in Florida. (*Id.* at 2)

Cerillo has moved to remand, arguing that the parties are not diverse and that the amount in controversy is less than $75,000. (Motion, Doc. 4, 2)

## II. Analysis

### A. Legal Standard

A defendant may remove a case to federal district court only if that court would have had original jurisdiction. 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)-(a)(1). Complete diversity must exist, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Assoc.*, 771 F.3d 843, 847 (5th Cir. 2014). The removal statute is construed narrowly, with any doubt construed against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Cerillo contends that neither complete diversity of citizenship nor the requisite amount in controversy exists in this lawsuit.

### B. Diversity

Cerillo argues that the Defendants "are local Defendants and citizens of this state [Texas], where the State suit was filed." (Motion to Remand, Doc. 4, 2)  As it is undisputed that Cerillo is a citizen of Texas for purpose of the jurisdictional analysis, Cerillo's allegations, if true, would defeat complete diversity.  But based on the submitted evidence, the Court concludes that complete diversity does exist among the parties.

First, Cerillo does not controvert BankUnited's position that it is a national banking association with its main office in Florida.  As a national banking association, BankUnited's citizenship is determined solely by the location of its main office, as designated in its articles of association.  28 USC § 1348; *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357–58 (5th Cir. 2017) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006)).  As a result, BankUnited is a citizen of Florida for purposes of diversity jurisdiction.

Second, the citizenship of Cobb can be disregarded for purposes of determining whether complete diversity exists.  A court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy". *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  Parties are nominal for removal purposes if "in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).  To show that "non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cty. Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549–50 (5th Cir. Unit A Dec. 1981)).

Similarly, a "narrow exception" to the rule for complete diversity allows courts to disregard the citizenship of improperly joined parties. *Vaillancourt*, 771 F.3d at 847. To establish that a plaintiff improperly joined a party, the removing defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). A court performs a 12(b)(6)-type analysis to determine whether the plaintiff can establish a cause of action against the non-diverse party in state court. *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014). If so, then the non-diverse party is properly joined. But if the claims against the non-diverse party would be subject to summary dismissal, the court can disregard the non-diverse party's citizenship. *See, e.g., Cervantes v. Ocwen Loan Servicing, L.L.C.*, 749 Fed. App'x 242, 245 (5th Cir. 2018) ("[The Plaintiff] failed to state a claim against [the substitute trustee], so the district court was correct to conclude he was improperly joined."); *Vaillancourt*, 771 F.3d at 848 (concluding that a substitute trustee was improperly joined); *Rojas*, 571 Fed. App'x at 277 ("[The Plaintiff] does not provide any allegations that [the substitute trustee] was acting in bad faith, and therefore has no reasonable basis for recovery.").

Under either the nominal-party or the improper-joinder analysis, the crux of the review is whether Cerillo's allegations establish a viable cause of action against Cobb. They do not. Cerillo does not allege that Cobb has any claim or interest to the promissory note or the property at issue, or that she committed any act or omission that could give rise to a claim for damages against her, whether under the Texas Property Code or any of the relevant contracts. Cerillo's allegations make clear that she included Cobb as a defendant solely because Cobb is the substitute trustee, and not because of any alleged wrongful conduct by Cobb. Cerillo's allegations demonstrate that she has not alleged a cognizable cause of action against Cobb.

Because Cobb is merely a nominal party or, alternatively, is improperly joined, her citizenship can be disregarded for the jurisdictional analysis. As Cerillo is a Texas resident, and BankUnited's citizenship lies in Florida, complete diversity exists among the real parties to this

lawsuit.

### C. Amount in Controversy

For the purpose of the jurisdictional review, "[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). Cerillo, however, does not specify any amount of alleged damages. As a result, BankUnited bears the burden to establish, "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In addition, when a lawsuit primarily seeks injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Leninger v. Leninger*, 705 F.2d 727, 729 (5th Cir. 1983). More specifically, if a plaintiff seeks to prevent or rescind the foreclosure of property, the amount in controversy is the value of the property that is the object of the litigation. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (stating that in declaratory or injunctive actions seeking to stop a foreclosure sale of property, "it is well established that the amount in controversy is measured by the value of the object of the litigation") (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

The promissory note that Cerillo signed, and which was secured by the property at issue, was for $127,645. Consistent with this amount, BankUnited submits evidence demonstrating that the property appraises at $140,154. (Appraisal, Doc. 1-9) Based on this evidence, the Court finds that the value of the property and, as a result, the amount in controversy, exceeds $75,000 and satisfies the amount-in-controversy requirement for diversity jurisdiction.

### III. Conclusion

For these reasons, it is:

**ORDERED** that the Plaintiff's Motion to Remand (Doc. 4) is **DENIED**.

SIGNED this 6th day of June, 2019.

                                          _____
                                          Fernando Rodriguez, Jr.
                                          United States District Judge